UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDWARD NATHANIEL CARLTON,

          Petitioner,                    Case No. 1:22-cv-597

v.                                            Honorable Ray Kent

RANDEE REWERTS,

          Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Edward Nathaniel Carlton is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Petitioner is presently serving a sentence of life imprisonment without parole following his conviction of first-degree murder in the Washtenaw County Circuit Court. Petitioner was sentenced on September 19, 1986. Since then, he has sought relief by appeal, motion, and petition at every level of the state and federal court systems.

This is not Petitioner's first habeas corpus action challenging this conviction and sentence. Many of those challenges are so old that the docketed opinions and orders are not available in the CM/ECF systems of this Court, the United States District Court for the Eastern District of Michigan, or the Sixth Circuit Court of Appeals. Petitioner's current petition may be subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). 28 U.S.C. § 2244(b); *see also Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).").

Although Petitioner's early habeas petitions and the relevant courts' resolutions of them are not immediately available for review, it is apparent that the present petition is second or successive because the Sixth Circuit Court of Appeals has determined that a prior petition filed in the United States District Court for the Eastern District of Michigan was subject to the second or successive petition limitations of 28 U.S.C. § 2244(b). *In re: Edward Nathaniel Carlton*, No. 08-1147 (6th Cir. Sept. 19, 2008) (ECF No. 1-1, PageID.153–154.) The Sixth Circuit denied Petitioner's application for leave to file a second or successive petition. Because the Sixth Circuit's denial necessarily includes a determination that at least one of Petitioner's prior petitions was resolved on the merits, the Court concludes that the present petition is second or successive.

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the

application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated:  July 5, 2022                                 /s/ Ray Kent
                                                                 Ray Kent
                                                                 United States Magistrate Judge